UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH L. KIMBLE,<br><br>Petitioner,<br><br>v.<br><br>R. JOHNSON, Warden,<br><br>Respondent. | Case No. 2:20-cv-01991-CAS (SHK)<br><br>**ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE** |

## I. INTRODUCTION

Petitioner Kenneth L. Kimble ("Petitioner"), proceeding pro se, constructively filed[1] a Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2254 ("Petition" or "Pet.") challenging his conviction for attempted second-degree robbery, second-degree robbery, and sending a false bomb. Electronic Case Filing Number ("ECF No.") 1, Pet. For the reasons discussed below, this Court denies the Petition and dismisses the case without prejudice.

/ / /

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (citation omitted).

## II. PROCEDURAL HISTORY

### A. State Court Proceedings

On October 29, 2014, following a jury trial in the Los Angeles County Superior Court ("Trial Court"), Petitioner was convicted of attempted second degree robbery, in violation of §§ 664/211 of the California Penal Code; second degree robbery, in violation of § 211 of the California Penal Code; and sending a false bomb, in violation of § 148.1 of the California Penal Code. See California Superior Court Case No. BA410832.[2] Petitioner was sentenced on February 13, 2015, to fifty-five years-to-life in state prison. See Kenneth L. Kimble v. Raymond Madden, No. 2:17-cv-01597-CAS (SHK) (Case closed on Aug. 13, 2018) ("17-1597"), ECF No. 2, Report and Recommendation ("R&R") at 2 (citing Court Transcript at 307-14).

On May 12, 2016, the California Court of Appeal rejected Petitioner's claims and affirmed the judgment. California Court of Appeal Case No. B262249. Petitioner filed a petition for review in the California Supreme Court raising claims generally corresponding to all grounds alleged in the Petition herein. 17-1597, ECF No. 10-15. On September 14, 2016, the California Supreme Court denied review. California Supreme Court Case No. S235481.

The California Court of Appeal subsequently rejected Petitioner's state habeas petition noting the same grounds were raised in Petitioner's appeal from conviction. California Court of Appeal Case No. B301012.

### B. Federal Court Proceedings

On February 21, 2017, Petitioner constructively filed a habeas petition in the Central District of California, ("First Petition"). 17-1597, ECF No. 1, Pet. Petitioner raised the following grounds for relief in his First Petition: (1) Petitioner was denied his Sixth Amendment right to the effective assistance of counsel when

---

[2] The Court takes judicial notice of Petitioner's prior proceedings in this Court and in the state courts. See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

counsel failed to investigate and supply the Trial Court with legal authority to support admission of third party culpability evidence and to object to the testimony of the DNA expert; (2) the Trial Court abused its discretion by refusing to strike Petitioner's prior strike convictions; (3) the Trial Court's conclusion that Petitioner's 1993 convictions for assault constituted felonies and qualified as prior strikes under the Three Strikes Law is not supported by evidence; and (4) Petitioner's Fourteenth Amendment due process of law was violated at Petitioner's Three Strikes Sentencing hearing when Petitioner was not allowed to testify. 17-1597 ECF No. 1, Pet. at 5-6; 17-1597 ECF No. 18, R&R at 7. Respondent Raymond Madden filed an answer arguing that the Petition should be dismissed because Petitioner's sentencing claim was not cognizable and 28 U.S.C. § 2254(d) precluded relitigating the rest of Petitioner's claims. 17-1597 ECF No. 9, Answer.

On May 14, 2018, the Magistrate Judge issued an R&R recommending denial of the Petition and dismissal of the action with prejudice. 17-1597 ECF No. 18, R&R. The Magistrate Judge concluded that habeas relief was not warranted with respect to: (1) Petitioner's ineffective assistance of counsel claims, and (2) Petitioner's sentencing error claims. Id. at 9-30. On August 13, 2018, the District Judge adopted the findings in the R&R, entered a Judgment denying the petition and dismissing the action with prejudice, and issued an Order Denying Certificate of Appealability. 17-1597 ECF Nos. 22-24.

On April 18, 2019, Petitioner filed a notice of appeal of the denial of the First Petition in the Ninth Circuit. 17-1597 ECF No. 26, Appeal. On July 22, 2019, the Ninth Circuit issued an order denying Petitioner's request for a certificate of appealability ("9th Cir. COA Denial") because the notice of appeal was not timely filed. 17-1597 ECF No. 28, 9th Cir. COA Denial.

1. 2020 Petition

On February 18, 2020, Petitioner constructively filed the instant Petition. ECF No. 1, Pet. (Kenneth L. Kimble v. R. Johnson, No. 2:20-cv-01991-CAS-SHK

(Filed Feb. 28, 2020)). The Petition again challenges his October 29, 2014 conviction for attempted second-degree robbery, second-degree robbery, and sending a false bomb. Id. at 2. Petitioner raises the following grounds for relief in his Petition: (1) Petitioner was denied due process under the Fifth Amendment because he was convicted under a "'vague' criminal statute," and (2) Petitioner was denied due process under the Fourteenth Amendment by the California Department of Corrections and Rehabilitation ("CDCR") when the CDCR imposed an administrative sanction against Petitioner. Id. at 5-6.

### III. DISCUSSION

**A.     The Petition Is Subject To Dismissal As Second And Successive.**

State prisoners must exhaust their state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Habeas petitioners generally may file only one habeas petition challenging their conviction or sentence. See 28 U.S.C. § 2244(b)(1). Hence, if a prior petition raised a claim that was adjudicated on the merits, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive petition]." Id. § 2244(b)(3)(A); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); Goodrum v. Busby, 824 F.3d 1188, 1194 (9th Cir. 2016) ("As a general principle, . . . a petition will not be deemed second or successive unless, at a minimum, an earlier-filed petition has been finally adjudicated."). Absent proper authorization from the court of appeals, district courts lack jurisdiction to consider second or successive petitions and must dismiss such petitions without prejudice to refiling if the petitioner obtains the necessary authorization. Burton v. Stewart, 549 U.S. 147, 152-53, (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of

4

appeals, consider a second or successive habeas application." (citation and internal quotation marks omitted)); 28 U.S.C. § 2244(b)(2).

Here, the instant Petition challenges the same conviction that was challenged in the First Petition, which was adjudicated on the merits and dismissed with prejudice. See ECF No. 1, Pet; 17-1597 ECF Nos. 18, 22-24; McNabb, 576 F.3d at 1029 ("A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court.") (citing Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir.1990)). Consequently, the instant Petition is second or successive to the 2017 Petition. See 28 U.S.C. § 2244(b).

Further, the Ninth Circuit denied Petitioner's Appeal because it was not timely filed. 17-1597 ECF No. 28, 9th Cir. COA Denial. As Petitioner has not presented any documentation indicating the Ninth Circuit has issued "an order authorizing the district court to consider the application," the Court lacks jurisdiction over the claims, and the instant Petition is subject to dismissal. 28 U.S.C. § 2244(b)(3)(A).

**B.     Petitioner's Second Ground For Relief Appears To Be More Properly Raised In A Civil Rights Action.**

Although the Petition is clearly subject to dismissal as a successive Petition, Petitioner should note that the second ground he raises is more properly brought in a civil rights action, under 42 U.S.C. § 1983 ("§ 1983"), challenging the conditions of confinement. Petitioner alleges he was denied due process under the Fourteenth Amendment by the California Department of Corrections and Rehabilitation ("CDCR") when CDCR imposed an administrative sanction against Petitioner. ECF No. 1, Pet. at 5-6.

A "§ 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus[,]" and "an action that, even if successful will not demonstrate the invalidity of any outstanding criminal

judgment falls within § 1983's scope[.]" <u>Nettles v. Grounds</u>, 830 F.3d 922, 927-28 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017) (internal citations, emphasis, and quotation marks omitted); <u>see</u> <u>also</u> <u>Nelson v. Campbell</u>, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that . . . challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the habeas] core and may be brought pursuant to § 1983[.]"). Accordingly, challenging an administrative sanction against Petitioner that was enforced by the CDCR while Petitioner was incarcerated does not appear to lie at the core of relief that can be obtained through a habeas proceeding.

### IV. ORDER

Based on the foregoing, IT IS ORDERED THAT the Petition is **DENIED** and that Judgment be entered **DISMISSING** the action without prejudice.

Dated: March 5, 2020

*/s/ Christina A. Snyder*
HONORABLE CHRISTINA A. SNYDER
United States District Judge

Presented by:

*/s/ Shashi H. Kewalramani*
HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge